**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

In re  **Michael Sean Wilkins**                                          CASE NO.:
         **Dawn Rene Wilkins**                                              CHAPTER 13

_____ / Debtors

Attorney for Debtor:   **Monte J. White**

### CHAPTER 13 PLAN

**1. FUNDING OF PLAN**

The debtor shall commit the following future earnings, property, or other income to the custody and control of the standing trustee to fund the chapter 13 plan:

Debtor's Net Monthly Income:
    Husband & Wife's Monthly Take Home:       $3,270.00
    Less Expenses:                                              $2,589.00
    SURPLUS:                                                      $681.00

Plan Payment:
The debtor to pay:   **$681.00 monthly for 60 periods**
The joint debtor to pay:

    Total Payments:   **$40,860.00**

**2. DURATION**
It is proposed that payments shall be made over a period of   **60 months**   .

**3. PAYMENTS TO THE TRUSTEE SHALL BE MADE FROM:**
☑ Direct Payments from Debtor(s)
☐ Debtor's Employer

From the payments so received, the trustee shall make disbursements as follows:

**4. ADMINISTRATIVE COSTS**
Trustee's Compensation:   **10%**

Attorney's Fee
    Prepaid Portion              $298.00
    Pay Through Plan          $3,202.00
    Total Attorney Fee         $3,500.00

Paid Through Plan            TOTAL            From first available funds, and to the maximum
                                        $3,202.00         as may be allowed under Local Guidelines

**5. PAYMENTS TO PRIORITY CLAIMS**
The debtor shall make full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507, as follows:

| CREDITOR | AMOUNT CLAIMED | NUMBER OF MONTHS | AVERAGE MONTHLY PAYMENT | TOTAL PAYMENT |
|---|---|---|---|---|
| **Internal Revenue Service** | $2,300.00 | 59 | $38.99 | $2,300.00 |

In re: Michael Sean Wilkins                                              Case No.
       Dawn Rene Wilkins                                                 Chapter    13

## 6. PAYMENTS TO SECURED CLAIMS

Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as shown. Payments towards deficiencies on undersecured claims are listed with the Unsecured Claims. Payments towards arrearages on fully secured claims are listed under Arrearages.

| CREDITOR | AMOUNT CLAIMED | VALUE OF COLLATERAL | INT. RATE | NO. OF MOS. | AVERAGE MONTHLY PAYMENT | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| Capital One Auto Finance | $4,326.00 | $4,326.00 | 5.25% | 59 | $83.72 | $4,939.24 |
| Home Zone | $2,000.00 | $1,600.00 | 5.5% | 59 | $31.16 | $1,838.05 |
| Tinker Fcu | $21,045.00 | $20,275.00 | 5.5% | 59 | $394.79 | $23,292.08 |

## 7. ARREARAGES ON SECURED CLAIMS

| CREDITOR | ARREARAGE | INTEREST RATE | NUMBER OF MONTHS | AVERAGE MONTHLY PAYMENT | TOTAL PAYMENT |
|---|---|---|---|---|---|

None

## 8. PROPERTIES TO BE SURRENDERED

The debtor shall surrender the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such a creditor's claim, the creditor shall hold a nonpriority, unsecured claim.

| CREDITOR | AMOUNT CLAIMED | VALUE OF COLLATERAL | |
|---|---|---|---|
| Ditech Financial Llc | $58,764.00 | $58,764.00 | Surrendered |

## 9. LIEN AVOIDANCE

The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| CREDITOR | AMOUNT CLAIMED | VALUE OF COLLATERAL |
|---|---|---|

None

## 10. PAYMENTS TO SPECIALLY CLASSIFIED UNSECURED CLAIMS

The following unsecured claims are classified separately and shall be treated differently from other general unsecured claims:

| CREDITOR / REASON FOR SPECIAL CLASS | AMOUNT CLAIMED | NUMBER OF MONTHS | AVERAGE MONTHLY PAYMENT | TOTAL PAYMENT |
|---|---|---|---|---|

None

## 11. PAYMENTS TO GENERAL UNSECURED CLAIMS

General unsecured claims shall be paid pro rata at _____2%_____ of their claims, after all other claims are paid. Unsecured claims shall receive not less than the amount that would be paid on each claim if the estate were liquidated under Chapter 7.

## 12. EXECUTORY CONTRACTS

Unexpired leases and executory contracts will be treated as follows:

| CREDITOR | DESCRIPTION OF CONTRACT | ELECTION | IN DEFAULT |
|---|---|---|---|

None

## 13. DIRECT PAYMENTS

The debtor shall make regular payments directly to the following creditors:

| CREDITOR | AMOUNT OF DEBT | MONTHLY AMOUNT |
|---|---|---|

None

| In re: Michael Sean Wilkins | Case No. |
| Dawn Rene Wilkins | Chapter 13 |

### 14. OTHER PROVISIONS

**Return to Unsecureds**

The percentage of return to unsecured creditors is an estimate. It is not a guarantee if claims are higher.

**341 by Video**

The Debtor(s) will not be physically present in Oklahoma City for the 341 Hearing/Meeting of Creditors, but will appear via webcam.
Location of Debtor(s)' physical appearance and webcam is at the Debtor(s)' attorney's office (address listed below).

### 15. REVESTMENT

Upon confirmation of the Plan, all property of the estate shall vest in the debtor pursuant to 11 U.S.C. § 350 (or possibly 11 U.S.C. § 1327(b)). The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein (11 U.S.C. § 1306(b)). All secured creditors shall retain the liens securing their claims unless otherwise stated.

Dated: 6/3/2016

Debtor: Michael Sean Wilkins
511 NE Carver Ave
Lawton, OK 73507

Debtor: Dawn Rene Wilkins

Attorney: Monte J. White    Bar No. 014684
Monte J. White & Associates, P.C.
1106 Brook Ave
Hamilton Place
Wichita Falls TX 76301
Phone: (940) 723-0099
Fax: (940) 723-0096